IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:12-CV-398-FL

| | |
|---|---|
| RONALD BROUSSARD, )<br>)<br>  Plaintiff, )<br>)<br>v. )<br>)<br>)<br>CAROLYN W. COLVIN, )<br>Acting Commissioner of Social )<br>Security, )<br>)<br>  Defendant. )<br>_____ ) | **MEMORANDUM &<br>RECOMMENDATION** |

This matter is before the Court upon the parties' Motions for Judgment on the Pleadings. (DE's-20 & 28). Plaintiff has filed a supplemental notice (DE-30), and the time for filing any responses or replies has expired. Therefore, the motions are now ripe for adjudication. Pursuant to 28 U.S.C. § 636(b)(1), they have been referred to the undersigned for the entry of a Memorandum and Recommendation. For the following reasons, it is RECOMMENDED that Plaintiff's Motion for Judgment on the Pleadings (DE-20) be DENIED, that Defendant's Motion for Judgment on the Pleadings (DE-28) be GRANTED, and that the final decision by Defendant be AFFIRMED.

**Statement of the Case**

Plaintiff applied for disability insurance benefits and supplemental security income on December 11, 2008, alleging disability beginning April 1, 2007. (Tr. 26). His claim was denied initially, and thereafter a hearing was held before an Administrative Law Judge ("ALJ") who determined that Plaintiff was not disabled in a decision dated September 3, 2010. *Id*. at 26-34.

The Social Security Administration's Office of Disability Adjudication and Review denied Plaintiff's request for review on January 25, 2012, rendering the ALJ's determination as Defendant's final decision. *Id.* at 4. Plaintiff filed the instant action on July 2, 2012. (DE-5).

**Standard of Review**

This Court is authorized to review Defendant's denial of benefits under 42 U.S.C. § 405(g), which provides in pertinent part:

> The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing. The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive...

42 U.S.C. § 405(g).

"Under the Social Security Act, [the Court] must uphold the factual findings of the Secretary if they are supported by substantial evidence and were reached through application of the correct legal standard." Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996). "Substantial evidence is ... such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971). "It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." Laws v. Celebrezze, 368 F.2d 640, 642 (4th Cir. 1966). "In reviewing for substantial evidence, . . . [the court should not] undertake to re-weigh conflicting evidence, make credibility determinations, or substitute . . . [its] judgment for that of the Secretary." Craig, 76 F.3d at 589. Thus, this Court's review is limited to determining whether Defendant's finding that Plaintiff was not disabled is "supported by substantial evidence and whether the correct law was applied." Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990).

2

Case 5:12-cv-00398-FL   Document 31   Filed 06/07/13   Page 2 of 9

**Analysis**

The Social Security Administration has promulgated the following regulations which establish a sequential evaluation process that must be followed to determine whether a claimant is entitled to disability benefits:

> The five step analysis begins with the question of whether the claimant engaged in substantial gainful employment. 20 C.F.R. ' 404.1520(b). If not, the analysis continues to determine whether, based upon the medical evidence, the claimant has a severe impairment. 20 C.F.R. ' 404.1520(c). If the claimed impairment is sufficiently severe, the third step considers whether the claimant has an impairment that equals or exceeds in severity one or more of the impairments listed in Appendix I of the regulations. 20 C.F.R. ' 404.1520(d); 20 C.F.R. Part 404, subpart P, App.I. If so the claimant is disabled. If not, the next inquiry considers if the impairment prevents the claimant from returning to past work. 20 C.F.R. ' 404.1520(e); 20 C.F.R. ' 404.1545(a). If the answer is in the affirmative, the final consideration looks to whether the impairment precludes the claimant from performing other work. 20 C.F.R. ' 404.1520(f).
>
> Mastro v. Apfel, 270 F.3d 171, 177 (4th Cir. 2001).

The ALJ followed the sequential evaluation in this case. First, the ALJ found that Plaintiff had not engaged in substantial gainful activity since April 1, 2007. (Tr. 28). At step two, the ALJ found that Plaintiff had the following severe impairments: 1) HIV+; 2) depressive disorder; 3) personality disorder; and 4) a history of substance abuse, in remission *Id*. However, the ALJ determined that Plaintiff did not have an impairment that met or medically equaled one of the impairments listed in 20 CFR Part 404, Subpart P, Appendix 1. *Id*. at 29. Next, the ALJ determined that Plaintiff had the residual functional capacity ("RFC") to perform a limited range of light work. *Id*. at 31. Specifically, the ALJ found that Plaintiff had:

> the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b). However, claimant is limited to simple one to two step instructions and work that does not involve climbing ladders or scaffolds, heights or balancing and performed in an environment with no fumes, dust, odors, temperature or humidity

3

extremes.

*Id*.

The ALJ then found that Plaintiff was unable to perform his past relevant work. *Id*. at 33. However, based on the testimony of a vocational expert, the ALJ found that there were jobs that existed in significant numbers in the national economy that Plaintiff could perform. *Id*. at 33-34. Accordingly, the ALJ determined that Plaintiff had not been under a disability during the relevant time period. *Id*. at 34.

The ALJ's findings were accompanied by a thorough review and assessment of the entire record. This "assessment . . . provides a backdrop for the ALJ's evaluation[s] . . . and provides insight into [them]." Worden v. Astrue, 2012 WL 2919923, *5 (E.D.N.C. May 29, 2012), *Report and Recommendation Adopted by*, 2012 WL 2920289. Moreover, the undersigned has reviewed the entire record and finds that the ALJ's determinations were supported by substantial evidence, which shall now be briefly summarized.

Plaintiff's HIV was generally described as stable. (Tr. 483, 492). Likewise, he was often described as psychiatrically stable. *Id*. at 412, 489, 503, 506.

During a March 26, 2007 examination it was noted that Plaintiff was taking care of his mother and that he "felt great." *Id*. at 402, 503. It was also noted that Plaintiff had "[n]o psychiatric issues." *Id*. at 412, 503. His insight and judgment were good and appropriate. *Id*. at 506.

On September 10, 2007, Plaintiff's mood was euthymic and his affect was appropriate. *Id*. at 489. His insight and judgment were good and appropriate. *Id*. Plaintiff was "doing well" on October 15, 2007. *Id*. at 485.

Plaintiff's physical RFC was assessed on January 28, 2008. *Id*. at 258-265. It was

4

determined that Plaintiff had no exertional, postural, manipulative, visual, communicative, or environmental limitations. *Id*.

Dr. Amy Brams opined on January 22, 2008 that Plaintiff's mental impairments did not precisely satisfy any listed impairment. *Id*. at 521-530. She also indicated that Plaintiff's functional limitations due to his mental impairments were mild. *Id*. at 531.

Dr. Jonathan Szenics examined Plaintiff on March 24, 2009. *Id*. at 568. It was noted that Plaintiff was generally self-sufficient with respect to activities of daily living. Plaintiff was capable of carrying "15 to 20 pounds for [a] half mile or so." *Id*. He had a normal gait, and he had full range of motion in his extremities. *Id*. at 569-570. Plaintiff had full grip strength. *Id*. at 570. Dr. Szenics noted that Plaintiff's affect was normal. *Id*. Based on this examination, Dr. Szenics opined that Plaintiff could: 1) occasionally lift 50 pounds and frequently lift 25 pounds; and 2) occasionally carry 25 pounds and frequently carry 20 pounds. *Id*. at 572. Plaintiff had no limitations with regard to standing, walking, sitting, pushing or pulling. *Id*. at 572. Likewise, Plaintiff had no postural or environmental limitations. *Id*. at 573.

Plaintiff was examined on April 11, 2009, and it was noted that he "was likely using heroin and another drug this evening." *Id*. at 577. He was ultimately discharged in stable condition. *Id*. at 579.

On April 16, 2009, Dr. Mark Bohn assessed Plaintiff's RFC. *Id*. at 629-633. He opined that Plaintiff could: 1) occasionally lift and/or carry 50 pounds; 2) frequently lift and/or carry 25 pounds; and 3) stand, walk or sit about six hours in an eight hour workday. *Id*. at 630. Plaintiff had no postural, manipulative, visual, or communicative limitations. *Id*. at 631-632. Plaintiff was assessed with several environmental limitations, such as avoiding concentrated exposure to extreme cold or heat. *Id*. at 632.

Dr. Anthony Fischetto examined Plaintiff on May 28, 2009. *Id*. at 636. Plaintiff denied ever "doing any drugs." *Id*. at 637. Plaintiff also asserted he was unable to work because of back problems "possibly from the HIV." *Id*. Ultimately, Dr. Fischetto diagnosed Plaintiff with: 1) depressive disorder, not otherwise specified; 2) anxiety disorder, not otherwise specified; and 3) personality disorder, not otherwise specified. *Id*. at 639. He also opined that Plaintiff could "benefit from ongoing psychiatric and psychological help." *Id*. at 640. Although Dr. Fischetto opined that Plaintiff could not "manage [his] personal funds in a competent manner", he later stated that Plaintiff was able to "understand, remember and carry out instructions." *Id*. at 640-641. He generally rated Plaintiff's restrictions resulting from his mental impairments as "slight." *Id*. at 641. He also indicated that Plaintiff was able to "respond appropriately to supervision, co-workers, and work pressures in a work setting." *Id*.

On June 4, 2009, Dr. Dennis Gold opined that Plaintiff's mental impairments did not precisely satisfy the diagnostic criteria of any listed impairment. *Id*. at 645-654. Plaintiff's functional limitations resulting from these impairments were described as "mild." *Id*. at 655.

It was noted by Dr. Marcelo Gareca on June 23, 2009 that Plaintiff had excellent control of his HIV. *Id*. at 661.

Dr. John Menio reviewed the record on July 12, 2010 and indicated that Plaintiff's impairments did not meet or equal any listed impairment. *Id*. at 682. He also stated that Plaintiff's HIV was "under excellent control." *Id*. at 682-683. Furthermore, Dr. Menio opined that Plaintiff would not require any restrictions on his physical activity. *Id*. at 684.

Plaintiff lists several assignment of error. Most of these contend that the ALJ incorrectly weighed the evidence, and that the ALJ's determinations were not supported by substantial evidence. In short, Plaintiff generally requests that this Court re-weigh the evidence in his favor.

Although Plaintiff may disagree with the determinations made by the ALJ after weighing the relevant factors, the role of this Court is not to undertake to re-weigh conflicting evidence, make credibility determinations, or substitute its judgment for that of the Secretary. Craig, 76 F.3d at 589. Because that is what Plaintiff requests this Court do, his claims are without merit. As noted above, each of the ALJ's findings were supported by substantial evidence. Nonetheless, the undersigned shall now address any assignments of error which do more than simply invite the undersigned to re-weigh the evidence.

**The ALJ did not err in his use of post-hearing medical opinion evidence**

In his decision, the ALJ referred to a post-hearing interrogatory completed by Dr. Menio. (Tr. 29). Plaintiff contends that this interrogatory was not proffered to him or his representative before it was entered into evidence. (DE-21, pg. 3). This alleged failure, Plaintiff argues, requires remand because it violates "the due process requirements stated in HALLEX, I-2-544." *Id*. First, this Court has rejected the notion that failures to comply with HALLEX, without more, provide a basis for remand. Melvin v. Astrue, 602 F. Supp. 2d 694, 704 (E.D.N.C. 2009)("HALLEX lacks the force of law . . . [t]hus the court rejects claimant's reliance on the ALJ's alleged failure to comply with HALLEX . . ."). Moreover, this assertion contradicts the record. The record clearly indicates that the ALJ proffered Dr. Menio's statement to Plaintiff and his representative at that time. *Id*. at 269-270. Plaintiff's representative specifically replied to this proffer letter, indicating that no response would be filed. *Id*. at 272. Accordingly, this assignment of error is without merit.

**The ALJ properly developed the record**

Plaintiff argues that "the record shows that [Plaintiff] had significant mental impairments that required assessment by a medical expert rather than a layman." (DE-21, pg. 6).

7

Furthermore, Plaintiff asserts "[b]ecause the ALJ is not a medical expert, he cannot ordinarily make RFC findings without supporting medical expert opinion." *Id*. at 5-6. The Fourth Circuit has rejected this argument. <u>Felton-Miller v. Astrue</u>, 2011 WL 6396463, * 3 ("ALJ not required to obtain an expert medical opinion as to . . . RFC"). Therefore, this assignment of error is without merit.

**<u>The ALJ properly assessed Plaintiff's RFC</u>**

Plaintiff also contends that "[t]he ALJ erred by failing to do a function by function analysis" when assessing Plaintiff's RFC. (DE-21, pg. 6). However, "[t]he expression of a claimant's RFC need not be articulated function-by-function; a narrative discussion of a claimant's symptoms and medical source opinions is sufficient." <u>Horton v. Commissioner, Social Sec. Admin.</u>, 2013 WL 1953328, * 2 (*quoting*, <u>Knox v. Astrue</u>, 327 Fed. Appx. 652, 657 (7th Cir. 2009). The ALJ's RFC "evaluation need only include a narrative discussion describing how medical and non-medical evidence support the ALJ's conclusion." *Id*. (citation omitted). Here, the ALJ did precisely that. As previously noted, the ALJ engaged in a thorough summary of the entire medical record and his RFC findings were supported by citations to that record. Moreover, the undersigned reiterates that the ALJ's RFC finding was supported by substantial evidence. This assignment of error is without merit.

**Conclusion**

For the aforementioned reasons, it is RECOMMENDED that Plaintiff's Motion for Judgment on the Pleadings (DE-20) be DENIED, that Defendant's Motion for Judgment on the Pleadings (DE-28) be GRANTED, and that the final decision by Defendant be AFFIRMED.

SO RECOMMENDED in Chambers at Raleigh, North Carolina on Friday, June 07, 2013.

_____
WILLIAM A. WEBB
UNITED STATES MAGISTRATE JUDGE